**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**HUGH KNIGHTON, an individual**                                                    **PLAINTIFFS**
**resident of the State of Alabama; and**
**DAVIS LEE, an individual resident of**
**the State of Alabama**

**V.**                                                           **NO. 4:25-CV-164-DMB-JMV**

**BOYD R. EIFLING, an individual**
**resident of the State of Mississippi**                                                 **DEFENDANT**

## ORDER TO SHOW CAUSE

On October 9, 2025, Hugh Knighton[1] and Davis Lee filed a complaint in the United States District for the Northern District of Mississippi against Boyd Eifling. Doc. #1. Asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, the complaint alleges (1) Knighton is a resident of Alabama; (2) Lee is a resident of Alabama; (3) Eifling is a resident of Mississippi; and (4) the amount in controversy exceeds $75,000. *Id*. at 1, 2.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Diversity jurisdiction requires (1) complete diversity between the parties, and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332. "Parties are completely diverse if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An individual's residency does not equate to his citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310,

---

[1] The complaint's caption and introductory paragraph indicate this plaintiff's last name is spelled "Knighton" but the remainder of the complaint spells it "Knighten." Doc. #1 at 1–3.

313 (5th Cir. 2019); *see J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322–23 (5th Cir. 2024) ("[T]he parties have repeatedly conflated residency with citizenship and have litigated this case on the understandable yet mistaken belief that allegations of the former were sufficient to establish subject-matter jurisdiction.") (citing *Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence … are not synonymous terms.")).

Because the complaint here alleges only the parties' residence, not their citizenship, diversity jurisdiction is not sufficiently alleged. So, within seven days of the entry of this order, Knighton and Lee, as the parties invoking this Court's jurisdiction, are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction. Within the same seven-day period, if diversity jurisdiction can be properly established, Knighton and Lee may amend the jurisdictional allegations in the complaint pursuant to 28 U.S.C. § 1653.

**SO ORDERED**, this 10th day of October, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2